UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPEFITTING INDUSTRY LOCAL UNION NO. 85 HEALTH & WELFARE FUND; UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPEFITTING INDUSTRY LOCAL UNION NO. 85 PENSION FUND; SAGINAW PLUMBERS AND PIPEFITTERS U.A. LOCAL 85 RETIREMENT/401(K) FUND; SAGINAW PLUMBERS & PIPEFITTERS U.A. LOCAL UNION NO. 85 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND; SAGINAW PLUMBERS & PIPEFITTERS U.A. LOCAL UNION NO. 85 SUPERVISORY TRAINING TRUST FUND; SAGINAW PLUMBERS & PIPEFITTERS U.A. LOCAL UNION NO. 85 JOINT APPRENTICESHIP & TRAINING COMMITTEE FUND; | Case No.: 21-11826 HON. Magistrate Judge: |

Plaintiffs,

v.

GREAT LAKES AIR MECHANICAL, LLC, a Michigan limited liability company, and CRAIG FREEMAN, an individual, jointly and severally,

Defendants.

| | |
|---|---|
| NOVARA TESIJA CATENACCI McDONALD & BAAS, PLLC ATTORNEYS FOR PLAINTIFFS ALEX A. DOMBROW (P82753) EDWARD J. PASTERNAK (P58766) 888 W. BIG BEAVER RD., SUITE 600 TROY, MI 48084 (248) 354-0380 aad@novaralaw.com ejp@novarlaw.com | |

1

## COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA CATENACCI McDONALD & BAAS, PLLC, and for their Complaint, state as follows:

1. The Trustees of the United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry Local Union No. 85 Health & Welfare Fund; United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry Local Union No. 85 Pension Fund; Saginaw Plumbers and Pipefitters U.A. Local 85 Retirement/401(k) Fund; Saginaw Plumbers & Pipefitters U.A. Local Union No. 85 Supplemental Unemployment Benefit Fund; Saginaw Plumbers & Pipefitters U.A. Local Union No. 85 Supervisory Training Trust Fund; Saginaw Plumbers & Pipefitters U.A. Local Union No. 85 Joint Apprenticeship & Training Committee Fund; (hereinafter "Funds") are each a jointly-trusteed fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Section 302 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132, and bring this action on behalf of the funds' participants and beneficiaries.

2. The Saginaw Plumbers & Pipefitters U.A. Local Union No. 85 (hereinafter "Union" or "Local 85") is a labor organization, as defined in Section 2 of the National Labor Relations Act, 29 U.S.C. § 152(5), with its principal place of business located at 3535 Bay Road, Saginaw, Michigan 48603.

3. Upon information, knowledge and belief, Defendant, Great Lakes Air Mechanical, LLC (hereinafter "Great Lakes" or "Company"), is a Michigan corporation, with its principal place of business being 2968 East Fischer Rd, Bay City, MI 48706.

4. Upon information and belief, Craig Freeman is the owner, officer, and president of Great Lakes Air Mechanical, LLC, located at 2968 East Fischer Rd, Bay City, MI 48706, and conducts business in the State of Michigan.

5. Further, in operating Company, upon information, knowledge and belief, Defendant Craig Freeman has, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal and business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

6. An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Defendant Company to pay delinquencies owed to Plaintiffs and their participants is in serious doubt.

7. Defendant Company has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting and misusing money paid to it for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

8. As an officer, director, manager, owner and person who makes decisions, Defendant Craig Freeman, is responsible for Defendant Company's compliance with its contractual and statutory obligations to Plaintiffs.

9. Notwithstanding Company's contractual and statutory obligations, upon information, knowledge and belief, Defendant Craig Freeman had personal knowledge of Company's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

10. Because of Defendant Craig Freeman's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

11. Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and Federal common law.  This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: RECOVERY OF DELINQUENT CONTRIBUTIONS

12. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 11 of their Complaint as fully set forth herein.

13. Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law,

make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

14. Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

15. Pursuant to the collective bargaining agreement (hereinafter "CBA") between Company and the Union, Company agreed to make fringe benefit contributions on behalf of its employees and pay assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements"). A copy of the relevant CBA and Trust Agreements are attached hereto as **Exhibits 1 and 2** and made a part hereof by this reference.

16. The Funds are named third-party beneficiaries of the parties' CBA.

17. An audit, dated May 24, 2021, revealed the Company violated its contractual and statutory obligations by failing to remit to the Funds its contractually required fringe benefit contributions and assessments due on behalf of each Employee covered by the CBA and the Trust Agreements.

18. The above-mentioned audit revealed that the Company owes $12,526.32.00 in fringe benefit contributions and $1,371.95 in liquidated damages to the Funds. A copy

of the audit billing letter is attached hereto as **Exhibit 3** and made a part hereof by this reference.

19. As a result of Company's violations of its contractual and statutory obligations, Defendants have violated ERISA, the CBA and the Trust Agreements.

20. Plaintiffs are entitled to all remedies available to them under ERISA, which include, but are not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, interest, attorneys' fees and costs, and other damages under 29 U.S.C. § 1132(g)(2).

21. At all relevant times, Company was bound to the parties' CBA.

22. The Funds have been damaged in such amounts as revealed by the May 24, 2021 audit, to wit $13,898.27, excluding after accruing damages and interest.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

    a. Enter a judgment in the Plaintiffs' favor and against Company and Craig Freeman for all amounts owing as revealed by the May 24, 2021 audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

    b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

    c. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

23. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 22 of their Complaint as fully set forth herein.

### General

24. Participants of the Funds were employed by Company to perform work and provide labor on various construction projects in the State of Michigan.

25. The participants of the Funds provided labor and services, on behalf of Company, pursuant to the parties' CBA and thus earned the unpaid fringe benefit contributions revealed by the May 24, 2021 audit.

26. Company was obligated to pay fringe benefit contributions to the Funds for these participants on said projects pursuant to the CBA and relevant Trust Agreements.

27. The outstanding accrued fringe benefit contributions were payable to the Funds administered by Plaintiffs when due.

28. Company was paid for the projects they completed during the audit period, but failed to pay all fringe benefit contributions owed the Funds on said projects when due.

29. The accrued fringe benefit contributions and monies were always in Company's possession, custody and/or control from said projects and were available to pay the participants' accrued fringe benefit contributions.

30. Monies paid to Company on said projects were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

31. The Trust Agreements for the Funds, incorporated by the relevant CBA (see **Exhibit 2)** provide all unpaid contributions become plan assets at the time they become due to the Funds.

32. Defendants, including the individual Defendant, Craig Freeman, had actual and/or constructive notice of the above-referenced CBA and Trust Agreements and their respective amendments.

33. Thus, the Company accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds at the time they became due. Craig Freeman, in his capacity as officer of the Company, thus exercised discretionary control and authority over plan assets. This makes him a fiduciary within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

34. ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises discretionary authority or control over the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

### **CRAIG FREEMAN**

35. Defendant Craig Freeman, as an owner, officer, and/or director of Company, and upon information, knowledge and belief, personally exercised

discretionary authority and control over Company monies paid to Company for jobs completed in accordance with the CBA, during the audit period, which became plan assets recognized by ERISA insomuch as those monies were to be held in trust for payment of fringe benefit contributions.

36. Defendant Craig Freeman, as an owner, officer, and/or director of Company is considered a fiduciary of the Funds based upon his discretionary control over the unpaid fringe benefit contributions.

37. Upon information, knowledge and belief, Defendant Craig Freeman, as an owner, officer, and/or director of Company, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the Trust Agreements and Plan documents.

38. Since Craig Freeman, as an owner, officer, and/or director of Company personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, which plan assets, he is a fiduciary of the Funds.

39. Although legally obligated to do so, Defendant Craig Freeman failed to turn over the above-mentioned plan assets to the Funds when due.

40. Upon information, knowledge and belief, Defendant Craig Freeman used the accrued outstanding and unpaid fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiff Funds.

41. In failing to turn over such plan assets to Plaintiffs, Defendant Freeman violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

42. Defendant Craig Freeman's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties to the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

43. Thus, by directing the amounts owed to the Funds be paid for other purposes instead of being deposited with the Funds for the benefit of participants and beneficiaries, Defendant Craig Freeman failed to discharge his fiduciary duties with respect to the Funds solely in the interests of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

44. ERISA imposes personal liability on any fiduciary who breaches his fiduciary duties. 29 U.S.C. §1109.

45. As a result of his above-mentioned actions, Defendant Freeman breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for his breaches.

46. Defendant Freeman knew or should have known that he would be held personally liable for his above-referenced actions because he had access to all Trust Agreements and the CBA since becoming a contributing employer to the Funds.

47. ERISA also provides that if there is a loss to a plan caused by the breach of a fiduciary, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

48. Due to the above-mentioned actions and/or inactions of Defendant Freeman, the loss to the Funds was $13, 898.27, as revealed by the audit.

49. Defendant Freeman, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds. In addition, to make the Funds whole, Freeman must compensate the funds for audit costs, interest, and attorney's fees and costs incurred by the Funds for his breach.

50. As stated within, the Funds have been damaged in an amount found to be due by audit because of Defendant Freeman's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Enter a judgment in the Plaintiffs' favor against Company and Freeman for all amounts owing under the May 24, 2021 audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b. That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c. Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT III
## MICHIGAN BUILDING CONTRACT FUND ACT

51. Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 50 of their Complaint as fully set forth herein.

52. Participants of the Funds were employed by Defendant Company to perform work on various construction projects in the State of Michigan.

53. Defendant Company has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

54. The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

55. Under the Act, Company and Craig Freeman are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to Company on said projects.

56. The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

    a. Enter a judgment in the Plaintiffs' favor against Company and Freeman for all amounts revealed as owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

    b. That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

      c.    Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA CATENACCI
 McDONALD & BAAS, PLLC

/s/Alexander A. Dombrow

Alexander A. Dombrow (P82753)
Edward J. Pasternak (P58766)
Attorneys for Plaintiffs
888 West Big Beaver Road, Suite 600
Troy, MI  48084
(248) 354-0380
aad@novaralaw.com

Dated:  August 6, 2021     ejp@novaralaw.com

13